PLASTERERS LOCAL UNION NO. 79,
OPERATIVE PLASTERERS' AND CE-
MENT MASONS' INTERNATIONAL
ASSOCIATION, AFL–CIO, Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent,

Texas State Tile & Terrazzo Co., Inc., et
al., and Local Union 20 Bricklayers, etc.,
Local Union 108 International Associa-
tion of Marble, etc., Polishers, et al., In-
tervenors.

No. 22073.

United States Court of Appeals,
District of Columbia Circuit.

March 8, 1972.

Before McGOWAN, LEVENTHAL
and MacKINNON, Circuit Judges.

PER CURIAM:

The court's previous determination in this case [1] has been reversed by the Supreme Court.[2] The cause has been remanded to this court for further proceedings. In our previous disposition, on a jurisdictional question, the court did not reach the merits of the validity of the Board's order issued on June 2, 1968, pursuant to § 10(c) of the National Labor Relations Act.[3]

On consideration of the briefs, and argument previously heard, the court is of the view that the Board's determination in the Section 10(k) proceeding that employees represented by Tile Setters Local No. 20 are entitled to the disputed work, is neither arbitrary nor capricious, nor unsupported by substantial evidence, and is therefore valid. This determination is not undercut by the circumstance that a contrary determination would also have been reasonable. Substantial evidence on the whole record supports the Board's finding that petitioner conducted picketing with an object of forcing or requiring the employer to change the assignment of the disputed work from persons represented by Tile Setters

1. Plasterers Local Union No. 79 v. N.L.
R.B., 142 U.S.App.D.C. 146, 440 F.2d 174
(1970), Judge MacKinnon dissenting.

2. NLRB v. Plasterers Local Union No. 79,
404 U.S. 116, 92 S.Ct. 360, 30 L.Ed.2d
312 (1971).

3. Reported at 172 NLRB No. 77.

Local No. 20 to persons represented by petitioner.

The petition to review is denied. The Board's cross-application to enforce its order is granted.

So ordered.